TIMKEN CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND KOYO SEIKO CO., LTD., KOYO CORP. OF U.S.A., NSK LTD., AND NSK CORP., DEFENDANT-INTERVENORS

Court No. 91–07–00486

(Dated March 7, 1994)

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., John M. Breen, Margaret E.O. Edozien, William A. Fennell* and *Lane S. Hurewitz);* of counsel: *Scott A. Scherff,* Managing Attorney, The Timken Company, for plaintiff.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Michael S. Kane);* of counsel: *Joan L. MacKenzie,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Powell, Goldstein, Frazer & Murphy (Peter O. Suchman, Susan P. Strommer, Susan E. Silver, Niall P. Meagher, Elizabeth C. Hafner* and *Robert A. Calaff)* for defendant-intervenor Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.

*Donohue and Donohue (Joseph F. Donohue, Jr., Kathleen C. Inguaggiato* and *Daniel W. Dowe)* for defendant-intervenor NSK Ltd. and NSK Corporation.

## OPINION

TSOUCALAS, *Judge:* Plaintiff, The Timken Company ("Timken"), moves pursuant to Rule 59(e) of the Rules of this Court to amend the judgment entered in *Timken Co. v. United States,* 18 CIT 1, Slip Op. 94–1 (Jan. 3, 1994), asking this Court to remand this case to the Department of Commerce, International Trade Administration ("ITA"), to recalculate all antidumping duty margins without allowing a deduction for pre-sale inland freight in the calculation of foreign market value ("FMV") pursuant to the United States Court of Appeals for the Federal Circuit's decision in *Ad Hoc Comm. of AZ-NM-TX-FL Producers of Gray Portland Cement v. United States,* No. 93–1239 (Fed. Cir. Jan. 5, 1994). *Motion of The Timken Company to Alter or Amend Judgment ("Timken's Motion").*

## BACKGROUND

In *Timken,* 18 CIT at 12, Slip Op. 94–1 at 24, this Court stated that:

The ITA's decision to compare U.S. price to home market price at a contemporaneous point in the chain of commerce is reasonable. This Court finds nothing unreasonable in the ITA's removal of pre-sale movement expenses from both U.S. and home market prices as measured from the same point in the chain of commerce. *Ad Hoc*

*Comm.,* 16 CIT at 118–19, 787 F. Supp. at 211–13. This method of treating pre-sale home market movement expenses has also been specifically upheld by this court in a well reasoned opinion in *Nihon Cement Co. v. United States,* 17 CIT 400, 415–17, Slip Op. 93–80 at 30–34 (May 25, 1993).

Therefore, this Court affirms the ITA's deduction of NSK's pre-sale movement expenses from FMV.

### Discussion

The Federal Circuit in *Ad Hoc Comm.* stated:

In the circumstances of this case, we believe that had Congress intended to deduct home-market transportation costs from FMV, it would have made that intent clear. FMV and USP [United States price] are intimately related concepts, given full meaning only by their relationship to one another. The Antidumping Act revolves around the difference between the two. *See* 19 C.F.R. § 353.2(f)(1) (1993) (defining dumping margin with reference to USP and FMV). In slightly different forms, the USP provision, 19 U.S.C. § 1677a, and the FMV provision, 19 U.S.C. § 1677b, were passed together as part of the original Antidumping Act, 1921, ch. 14, 42 Stat. 11 (1921). From the Act's beginning, therefore, it is likely Congress has considered one only with reference to the other and has been well aware of any differences between them. That Congress included a deduction for transportation costs from USP but not from FMV leads us to conclude that Congress did not intend pre-sale home-market transportation costs to be deducted from FMV.

*Ad Hoc Comm.,* No. 93–1239 at 7–8 (footnote omitted).

Timken argues that the Federal Circuit's decision in *Ad Hoc Comm.* held that the Department of Commerce lacks authority under the circumstance-of-sale provision to adjust foreign market value for pre-sale inland freight. *Timken's Motion.* Therefore, Timken argues that this Court's decision affirming the ITA's grant of an adjustment to FMV for pre-sale inland freight was in error and this Court should modify its decision on this issue and remand this case back to the ITA ordering the ITA to recalculate all antidumping duty margins without allowing a deduction for pre-sale inland freight in the calculation of FMV. *Id.*

Defendant-intervenors, Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. ("Koyo"), oppose Timken's motion. Specifically, Koyo argues that the Federal Circuit's decision in *Ad Hoc Comm.* only applies to adjustments to FMV for pre-sale inland freight in situations where FMV has been calculated based upon purchase price.[1] Koyo points out that the

---

[1] Purchase price and exporter's sales price ("ESP") are the two types of United States price. USP, purchase price and ESP are defined at 19 U.S.C. § 1677a (1988):

**(a) United States price**

[T]he term "United States price" means the purchase price, or the exporter's sales price, of the merchandise, whichever is appropriate.

**(b) Purchase price**

"[P]urchase price" means the price at which merchandise is purchased, or agreed to be purchased, prior to the date of importation, from a reseller or the manufacturer or producer of the merchandise for exportation to the United States.

Federal Circuit explicitly limited its decision on this issue to the calculation of FMV based upon purchase price and not when exporter's sales price ("ESP") is used to calculate FMV. Koyo points out that all its sales covered by this administrative review were ESP transactions. *Memorandum of Defendant-Intervenors Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. in Opposition to Plaintiff's Motion to Alter or Amend Judgment* at 2.

This Court finds that Timken's characterization of the Federal Circuit's decision in *Ad Hoc Comm.* is incorrect on certain points. The *Ad Hoc Comm.* court specifically limited its decision to the calculation of FMV in purchase price situations only. *Ad Hoc Comm.*, No. 93–1239 at 5. Therefore, this Court finds that there is no basis for remanding this case to the ITA in regard to situations where FMV was calculated based upon ESP.

It is a cardinal rule of administrative law that an agency should be allowed to decide an issue for itself before a court addresses that issue. *McKart v. United States,* 395 U.S. 185, 194 (1968). This Court finds that the ITA should be given the opportunity to address this issue first in light of the Federal Circuit's decision in *Ad Hoc Comm.*

## CONCLUSION

Therefore, this case is remanded to the ITA to allow the ITA to determine whether it has statutory authority to adjust FMV, calculated using purchase price, for pre-sale inland freight in light of *Ad Hoc Comm.,* No. 93–1239. Remand results are to be filed with this Court within thirty (30) days after the entry of this opinion. Comments or responses by the parties are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days of the date responses or comments are due.

---

(c) **Exporter's sales price**

"[E]xporter's sales price" means the price at which merchandise is sold or agreed to be sold in the United States, before or after the time of importation, by or for the account of the exporter * * *.

The purchase price is normally used as USP where the transaction prior to importation is between unrelated parties, or at arm's length. The exporter's sales price will be used as the USP when the U.S. importer and the foreign seller are "related parties." *See* 19 U.S.C. § 1677(13) (1988). The exporter's sales price will be the price at which the merchandise is first sold to an unrelated purchaser in the United States. 19 U.S.C. § 1677a(c).